UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUKE LARRY LUKSICH,<br><br>Defendant. | Case No. 4:16-cr-00233-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Luke Luksich's Motion for Compassionate Release. Dkt. 164. The Government opposes the motion. Dkt. 167. After considering the briefing and record, the Court will deny the motion.

## BACKGROUND

In 2018, Luksich pled guilty to conspiracy to distribute a controlled substance and was sentenced to 54 months incarceration. Luksich was arrested after one of his codefendants identified him as her source of supply for heroin and methamphetamine. *PSR*, Dkt. 62. Luksich was held responsible for 6.2 grams of heroin. *Id.* When Luksich was arrested officers found two firearms in the apartment he shared with another codefendant. Notably, Luksich's guideline range

MEMORANDUM DECISION AND ORDER - 1

was 151 to 188 months, yet the Court granted him a significant variance, finding that the career offender enhancement resulted in a sentence that would have been greater than necessary to satisfy the § 3553(a) factors. Dkt. 81, 82.

Luksich has served 38 months of his sentence. His projected release date is October 28, 2021. Luksich is currently incarcerated at USP Atwater, which has 32 inmates and 8 staff with active COVID-19 infections. https://www.bop.gov/coronavirus/ (last accessed March 11, 2021).

Luksich is 42 years old and suffers from Hepatitis C and obesity, which put him at greater risk of severe complications from COVID-19. Luksich contracted COVID on December 15, 2020, had relatively mild symptoms, and has recovered. Dkt. 167-2.

## LEGAL STANDARD

Luksich seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id.* If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S.

**MEMORANDUM DECISION AND ORDER - 2**

Sentencing Commission. *Id.*; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Luksich requested compassionate release from the Warden of his facility, which was denied on September 22, 2020. Therefore, his motion is ripe for consideration.

The § 3553(a) factors do not warrant a reduction of Luksich's sentence. Luksich has served 38 months of his sentence. Luksich was identified as a source of supply for methamphetamine and heroin and was in possession of multiple firearms. The Court granted Luksich a significant variance at sentencing, and finds that the § 3553(a) factors do not warrant a further reduction. Further, the Court has considered Luksich's post-sentence conduct and medical history and finds that they do not significantly alter the § 3553(a) analysis.

Luksich's health conditions may constitute extraordinary and compelling circumstances, but they do not outweigh the § 3553(a) analysis. Further, Luksich contracted COVID, had relatively mild symptoms, and recovered. Finally, BOP is

actively distributing vaccines.

## ORDER

**IT IS ORDERED** that Luke Luksich's Motion for Compassionate Release (Dkt. 164) is DENIED.

DATED: March 18, 2021

B. Lynn Winmill
U.S. District Court Judge