UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUKE LARRY LUKSICH,<br><br>Defendant. | Case No. 4:16-cr-00233-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Luke Larry Luksich's Motion for Early Termination of Supervised Release (Dkt. 178). For the reasons explained below, the Court will deny the motion.

## BACKGROUND

In November 2018, Mr. Luksich was sentenced to 54 months' imprisonment followed by three years' supervised release for conspiracy to distribute controlled substances. Mr. Luksich began his term of supervised release in October 28, 2021. As of this writing, he has completed over two years of his three-year term. The government opposes Mr. Luksich's motion for early termination of supervision. According to Mr. Lucksich, his probation officer does not oppose this motion.

## LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). This includes the discretion to terminate supervision after Defendant has served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) deterrence;

(3) protection of the public;

(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;

(5) the sentence and sentencing range established for the category of defendant;

(6) any pertinent policy statement by the Sentencing Commission;

(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(8) the need to provide restitution to any victims of the offense.

MEMORANDUM DECISION AND ORDER - 2

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[1] If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d 817, at 821-22.

## ANALYSIS

Mr. Luksich argues that early termination is warranted due to his compliance with supervision thus far. He does not specifically address each of the factors identified above but instead generally argues that he "is an individual who has demonstrated that he is rehabilitated and supervised release is not necessary at this time." *Motion,* Dkt. 178, at 6. He points out that he is hardworking and is no longer required to submit drug screening. *Id.* at 4.

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

**MEMORANDUM DECISION AND ORDER - 3**

The Court commends Mr. Lucksich for his excellent behavior on supervision. But after having considered each of the factors outlined above, the Court is not persuaded that early termination is warranted. As the government points out, Defendant was identified as a source of supply for methamphetamine and heroin and he was in possession of multiple firearms. *Response,* Dkt. 179, at 3-4. Further, the Court is not persuaded that supervision becomes unnecessary simply because a person has complied with supervision and is an excellent employee. To be sure, the Court praises Mr. Luksich for turning his life around. But the Court finds that supervision remains necessary and useful in this case.

## ORDER

**IT IS ORDERED that** Defendant Luke Luksich's Motion for Early Termination of Supervision (Dkt. 178) is **DENIED.**

DATED: January 10, 2024

_____
B. Lynn Winmill
U.S. District Court Judge